UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEISHA ALLEN, | ) |
| Plaintiff, | ) ) |
| | ) Jury Trial Demanded |
| v. | ) ) |
| AEROTEK, INC. | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Keisha Allen, by and through her undersigned Counsel, for her Complaint against Defendant Aerotek Inc., alleges the following:

### PRELIMINARY STATEMENT

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), and title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Plaintiff Ms. Keisha Allen was terminated because of retaliation for a complaint of sex discrimination.

### PARTIES

3. Plaintiff Keisha Allen is a 51-year-old Black transgender woman residing in Chicago, Illinois.

4. Defendant Aerotek, Inc. ("Aerotek") is a staffing and workforce management company, with a location at 1111 22nd St #300, Oak Brook, Illinois.

5. Defendant Aerotek regularly undertakes to procure employees for an employer and to procure for employees opportunities to work for employers.

6. Defendant employed at least 15 full-time employees during all times relevant to this suit, and is a covered employer under Title VII.

7. Defendants employed Plaintiff to provide services for FlavorChem Corporation at Downer's Grove, Illinois, in September 2018.

8. Plaintiff was employed by Defendant at all times relevant to this suit.

## JURISDICTION AND VENUE

9. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States, specifically 42 U.S.C. §2000e, et seq. ("Title VII").

10. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) because the Northern District of Illinois is a district in the State of Illinois, in which the unlawful employment practice is alleged to have been committed, and it is the judicial district in which the employment records relevant to such practice are maintained and administered.

11. Plaintiff was employed, provided with employment and terminated by Defendant in this district.

12. Defendant resides in this district and a substantial part of the events or omissions giving rise to these claims occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. On January 24, 2019, Plaintiff timely filed charges of sex discrimination, gender identity discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC").

14. Upon information and belief, the EEOC provided Defendant with notice of the charges of discrimination.

15. Plaintiff received a Notice of Right to Sue from the EEOC notifying her of her right to bring suit, and she has filed suit within 90 days of receipt of the notice.

16. Plaintiff took all necessary steps to fulfill all conditions precedent to the commencement of this lawsuit.

## FACTS

17. Plaintiff, Ms. Keisha Allen is a female citizen of the United States.

18. Ms. Allen has a female gender identity.

19. Ms. Allen has a feminine gender expression.

20. Ms. Allen is a woman who is transgender.

### Sex, Gender, Gender Expression, and Gender Identity

21. *Sex* is a term that includes gender, gender expression, and gender identity within its meaning.

22. *Sex stereotyping* refers to the application by an employer of stereotypes related to sex to restrict, disparage, or discriminate on the basis of an employee's gender expression or identity.

23. *Gender* refers to cultural expectations specific to the sexes.

24. *Gender expression* refers to a person's gender-related appearance and behavior, whether or not stereotypically associated with the person's sex assigned at birth.

25. *Gender identity* refers to a person's internal sense of sex, being male, female, or other.

26. Gender identity is intractably rooted at a very early age and cannot be changed.

27. *Transgender individuals* are people who have a gender identity that does not match the sex they were assigned at birth.

28. *Gender transition*. Transgender individuals often seek out legal, social, and medical means of aligning external manifestations of their sex and gender with their gender identity. This process is colloquially known as gender transition or transition.

29. Discrimination against transgender people for being transgender is discrimination based on their sex, sex stereotyping, gender, gender expression, gender identity, or gender transition.

30. It is appropriate to refer to a transgender woman who has transitioned with female titles, honorifics (e.g., Miss, Ms., or Mrs.), and pronouns (e.g., her, hers, and she).

**Employment with Aerotek, Inc.**

31. Plaintiff was employed by Aerotek to provide services at FlavorChem Corporation in Downer's Grove, Illinois, beginning in September 2018, as a chemical operator.

32. Ms. Allen was qualified to perform the duties of her position, and discharged her duties in a satisfactory manner.

33. FlavorChem Corporation is a company that manufactures and creates flavor and color solutions for the food and beverage industry.

34. While providing services for Aerotek at FlavorChem, Plaintiff was harassed based on her sex and gender when several people began to use derogatory epithets in reference to her gender, on a daily basis, despite her protest, and which thereby interfered with her work and her working environment.

35. This harassment lasted the entire time Ms. Allen worked at FlavorChem Corporation.

36. As a result, her workplace was permeated with discriminatory intimidation, ridicule, and insult.

37. This harassment was so severe and pervasive that it made it difficult for her to work, altering the conditions of her employment and creating an abusive working environment.

38. As a result, Plaintiff was subjected to a hostile work environment.

39. Plaintiff had been informed by FlavorChem Corporation when she began work there that it was a workplace that did not tolerate a hostile work environment based on sex, and that such incidents should be reported to it.

40. Based on this information, Plaintiff reported these incidents of sex discrimination against her to her manager at FlavorChem Corporation, opposing these unlawful practices.

41. Her manager assured her that he would address the problem.

42. Unfortunately, the manager did not address the problem, nor undertake prompt and effective action to stop the harassment and the hostile work environment.

43. In fact, the harassment and hostile work environment continued after she informed him of the problem.

44. The harassment and hostile work environment also increased, in retaliation for her having reported these incidents and persons to management, because the manager informed the harassers that Ms. Allen had made complaints, but took no steps to discipline the harassers at that time, leaving them a free field to continue to discriminate based on sex and to retaliate against Ms. Allen for her prior protected activities.

45. Plaintiff then complained about the harassment, hostile work environment, and retaliation, to the human resources department of FlavorChem Corporation.

46. FlavorChem Corporation's human resources department notified Defendant of Ms. Allen's reporting of the harassment and hostile work environment.

47. The day after Plaintiff made the complaint to FlavorChem's human resources department, she received a voicemail from Jennifer Winkler, a human resources representative of Aerotek.

48. In the voicemail, Ms. Winkler stated that it was brought to her attention that Plaintiff complained to FlavorChem's human resources.

49. Ms. Winkler stated that Plaintiff needed to speak with her at her "earliest convenience."

50. As a result, Plaintiff met with Ms. Winkler.

51. At this meeting, Ms. Winkler told Ms. Allen that it was inappropriate for her to complain to human resources at FlavorChem about the harassment she was receiving regarding her sex and gender.

52. Ms. Winkler told Ms. Allen that, as a result of her complaint to FlavorChem's human resources department, she would no longer be working with FlavorChem or Aerotek.

53. Ms. Winkler did not question Ms. Allen's account of the harassment and hostile work environment that she experienced at FlavorChem.

54. Ms. Winkler neither suggested nor had any reason to disbelieve her account.

55. Ms. Winkler told Plaintiff that she was terminated from her position at FlavorChem because she made a complaint about discrimination because of sex to FlavorChem's human resources department.

56. Prior to this time, neither FlavorChem nor Aerotek had made or completed investigation into Ms. Allen's complaints.

## COUNT I
### (42 U.S.C. § 2000e-3(a) - Retaliation)

57. Plaintiff, Ms. Keisha Allen, re-alleges the previous paragraphs as if fully set forth herein.

58. Plaintiff engaged in protected activity when she truthfully complained in good faith about discrimination and harassment based on sex to the human resources department of FlavorChem Corporation.

59. Aerotek terminated Ms. Allen within one day of learning of her complaint to the human resources department of FlavorChem.

60. In retaliation for Plaintiff's complaint, Aerotek reprimanded her and terminated her employment at FlavorChem.

61. But for Plaintiff's complaint to FlavorChem's human resources department, Ms. Allen would not have been terminated by Aerotek.

62. This act by Aerotek would dissuade a reasonable employee from making complaints of discrimination and harassment.

63. Aerotek retaliated against Plaintiff for engaging in protected activity in violation of 42 U.S.C. § 2000e-3(a).

64. As a direct and proximate result of the acts described above, Plaintiff suffered damages including loss of employment, emotional distress, and pecuniary damages including attorneys' fees, and other financial damages.

65. By engaging in the conduct described above, Defendant Aerotek intentionally terminated Ms. Allen with malice or reckless indifference to Ms. Allen's federally protected rights to oppose practices that are prohibited by Title VII, for which Plaintiff seeks punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Keisha Allen prays that the Court grant the following relief:

A. Declare that the acts, practices, and omissions complained of herein are unlawful and violate Title VII;

B. Permanently enjoin Defendant Aerotek from its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in the unlawful conduct of discriminating against employees who complain of sex discrimination,

whether such complaints are made to Aerotek or an employer for which Aerotek provides workers;

C. Order Defendant Aerotek to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation against workers at employers for which Aerotek provides workers, including but not limited to policies and training for employees and managers;

D. Order Defendant Aerotek to develop appropriate and effective measures to receive complaints of discrimination, harassment, and retaliation from workers at employers for which Aerotek provides workers, as well as a process for investigating such complaints;

E. Order other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

F. Award compensatory damages to Ms. Allen for past and future pecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs;

G. Direct Defendant to compensate Ms. Allen for past and future non-pecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs, including humiliation, loss of enjoyment of life, and other non-pecuniary losses in an amount to be determined at trial;

H. Direct Defendant to pay Ms. Allen punitive and special damages for its malicious or reckless conduct described in the foregoing paragraphs, in an amount to be determined at trial;

I. Award Ms. Todd attorneys' fees, costs and disbursements as provided by law; and

J. Award such additional relief as justice may require.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Dated: May 24, 2019

Respectfully submitted,

                        MS. KEISHA ALLEN

                        */s/ Jillian T. Weiss*
                        Jillian T. Weiss
                        Law Office of Jillian T. Weiss, P.C.
                        527 Hudson Street
                        P.O. Box 20169
                        New York, New York 10014
                        (845) 709-3237
                        Attorney for Plaintiff